IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES NELSON,

    Plaintiff,

v.                                                                                        Civ. No. 19-907 RB/KK

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
ALL STAR PUBLIC ADJUSTERS, LLC'S MOTION TO QUASH**

THIS MATTER is before the Court on All Star Public Adjusters, LLC's Motion to Quash Defendant State Farm Fire and Casualty Company['s] Subpoena Duces Tecum to Third-Party, All Star Public Adjusters, LLC (Doc. 41) ("Motion"), filed October 13, 2020. Defendant State Farm Fire and Casualty Company filed a response in opposition to the Motion (Doc. 45) ("Response") on October 30, 2020. Also before the Court is All Star Public Adjusters, LLC's Response to Show Cause Order (Doc. 42), filed October 13, 2020, and Defendant's October 30, 2020 reply to that response. (Doc. 44.) The Court, having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, FINDS that the Motion is well-taken in part and should be GRANTED IN PART and DENIED IN PART. In addition, the Court will quash its September 9, 2020 Order to Show Cause (Doc. 33).

### I. Background and Procedural History

On November 6, 2019, defense counsel issued a Subpoena Duces Tecum ("Subpoena") to nonparty All Star Public Adjusters, LLC ("All Star"). (Doc. 29-1.) All Star was Plaintiff's public adjuster with respect to the insurance claim at issue before this lawsuit was filed. (Doc. 29 at 1; Doc. 42 at 1.) The Subpoena commanded All Star to produce the following documents by

1

November 22, 2019: "any and all files for any and all claims from 2014 to present for hail, wind, and storm claims to any residential properties, including homeowners' properties, commercial properties, including any businesses and corporations, that you have worked on in any capacity." (Doc. 29-1 at 1-2.)

Defense counsel forwarded the Subpoena to All Star in care of United States Corporation Agents, Inc. via certified United States mail, return receipt requested, and Faith Tabet signed for receipt of it on November 11, 2019. (Doc. 29-2 at 1.) According to Defendant, on or about January 16, 2020, All Star provided defense counsel with photographs of Plaintiff's property, two damage estimates, and a contract between Plaintiff and All Star. (Doc. 29 at 1.) Defendant further represents that, on the same date, All Star's owner informed defense counsel by telephone that All Star objected to producing any other documents in response to the Subpoena. (*Id.* at 2.)

Almost seven months later, on August 11, 2020, Defendant filed a Motion for Order to Show Cause on the basis that it had not received any additional documents or correspondence from All Star as of July 2, 2020. (*Id.* at 1-2.) All Star did not respond to the motion, and Defendant filed a Notice of Completion of Briefing on September 3, 2020. (Doc. 32.) The Court granted the motion on September 9, 2020, directing All Star to show cause in writing why it should not be held in contempt for failing to comply with or serve written objections to the Subpoena. (Doc. 33 at 3.) On October 13, 2020, All Star filed its response to the Court's Order to Show Cause, as well as the Motion presently before the Court. (Docs. 41, 42.) Defendant, in turn, filed a reply to All Star's show-cause response, as well as its Response to All Star's Motion, on October 30, 2020. (Docs. 44, 45.) All Star has not filed a reply in support of the Motion and the time for doing so expired on November 13, 2020.  D.N.M.LR-Civ. 7.4(a).

## II. <u>Analysis</u>

*A. All Star's Motion to Quash*

In its Motion, All Star asks the Court to quash Defendant's Subpoena, arguing that it imposes an undue burden on All Star. (Doc. 41 at 1-2.) In its Response, Defendant counters that the Court should deny All Star's Motion because it was untimely filed, All Star provided no support for its contention that the Subpoena is unduly burdensome, and the requested information is relevant and likely to lead to discoverable evidence. (Doc. 45 at 3-4.) The Court will address these issues in turn.

  *i. Whether All Star's Motion was Timely Filed*

As a preliminary matter, Defendant asserts the Court should deny All Star's Motion as a matter of law because it was untimely filed. (*Id.* at 3.) According to Defendant, Federal Rule of Civil Procedure 45(d)(2)(B) required All Star to serve objections to Defendant's Subpoena by the earlier of (a) the time specified for compliance, or (b) 14 days after the Subpoena was served. (*Id.*) Yet, Defendant argues, All Star waited eleven months after service of the Subpoena to file its Motion and provided no compelling reason for this delay. (*Id.*) All Star did not address the issue of timeliness in its Motion. (Doc. 41 at 1-3.) However, in its response to the Court's Order to Show Cause, All Star asserts that "[t]he staggering nature of Defendant's subpoena left All Star unclear on how it could or should proceed," and that, though it "began searching for legal counsel to assist it with issues related to Defendant's subpoena[,] . . . the process of retaining counsel proved lengthy." (Doc. 42 at 1.) "In the meantime, All Star did produce in good faith, records it believed were responsive" to the Subpoena. (*Id.* at 2.)

Federal Rule of Civil Procedure 45 governs subpoenas issued to nonparties. Fed. R. Civ. P. 45; *see also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to

3

produce documents and tangible things or to permit an inspection."); *Simon v. Taylor*, Civ. No. 12-0096 JB/WPL, 2014 WL 6633917, at *14 (D.N.M. Nov. 18, 2014) ("Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45."). Rule 45 permits a nonparty served with a subpoena to serve written objections to the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). A subpoena recipient may also request that the subpoena be quashed or modified "[o]n timely motion" to "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). Thus, a nonparty subpoena recipient has "two separate and distinct procedural vehicles for asserting objections to a subpoena," *i.e.*, file objections under Rule 45(d)(2)(B) or file a motion to quash under Rule 45(d)(3), and these two vehicles are "not dependent upon or tied to" one another. *MetroPCS v. Thomas*, 327 F.R.D. 600, 608 (N.D. Tex. 2018).

"The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 43 (N.D. Tex. 2015) (quoting *Isenberg v. Chase Bank USA, N.A.*, 661 F.Supp.2d 627, 629 (N.D. Tex. 2009)) (brackets and quotation marks omitted). On the other hand, some "courts have also held that the failure to act timely will not bar consideration of objections in unusual circumstances and for good cause shown." *Id.* at 43-44 (quoting *Bell Inc. v. GE Lighting, LLC*, Civ. No. 6:14-00012, 2014 WL 1630754, at *9 (W.D. Va. Apr. 23, 2014)) (quotation marks omitted).

Neither Rule 45(d)(3)(A) nor the Advisory Committee Notes define when a motion to quash a subpoena is "timely." *In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in a Foreign Proceeding*, No. 3:14-MC-0073-G, 2015 WL 12916415,

at *3 (N.D. Tex. Mar. 10, 2015) ), *aff'd sub nom. Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573 (5th Cir. 2016). However, courts have generally found such motions timely when filed "within the time set in the subpoena for compliance." *Sines v. Kessler*, 325 F.R.D. 563, 567 (E.D. La. 2018); *accord Estate of Ungar v. Palestinian Auth.*, 451 F.Supp.2d 607, 610 (S.D.N.Y. 2006) ("It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena."); *MetroPCS*, 327 F.R.D. at 615 (motion to quash was timely when filed the day before document production and presence at deposition were required).

Nevertheless, some courts have excused a subpoena recipient's delay in filing a motion to quash "for the same reasons that justify delay in serving written objections." *Sines*, 325 F.R.D. at 567. Such reasons include the subpoena's facial overbreadth, the recipient's "status as a non-party, the significant burden imposed by the subpoena[,] the absence of any showing of intentional failure or bad faith" on the recipient's part, and the fact that counsel for the issuing party and the recipient have been in contact concerning the subpoena. *Semtek Int'l, Inc. v. Merkuriy Ltd.*, Civ. No. 3607 DRH, 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996); *accord In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344, 349 (W.D. Va. 1999) (explaining that "unusual circumstances and good cause" for failure to timely serve objections include "a subpoena that is overbroad on its face, a subpoena that would impose significant expense on a nonparty acting in good faith, or contact between counsel for the subpoenaed party and the subpoenaing party prior to the challenge to the subpoena.") (citations omitted).

Here, as previously noted, All Star received the Subpoena at issue on or about November 11, 2019, (Doc. 29-2 at 1), and produced photographs of Plaintiff's property, two damage estimates, and a contract between Plaintiff and All Star on January 16, 2020. (Doc. 29 at 1.) Also on January 16, 2020, All Star's owner purportedly informed defense counsel by phone that All

Star objected to producing additional documents in response to the Subpoena. (*Id.* at 2.) Defendant then failed to pursue the matter until August 11, 2020, when it filed its Motion for Order to Show Cause. (Doc. 29.) About a month after the Court granted that motion, All Star filed its Motion to Quash. (Docs. 33, 41.)

Plainly, All Star failed to serve written objections to Defendant's Subpoena within the earlier of (a) the time specified for compliance, or (b)14 days after service, as required by Rule 45(d)(2)(B). As such, any objections made under Rule 45(d)(2)(B) would ordinarily be deemed waived. *Am. Fed'n of Musicians of the United States & Canada*, 313 F.R.D. at 43. Likewise, because All Star filed its Motion under Rule 45(d)(3)(A) long after the Subpoena's return date, it would ordinarily be considered untimely. *Estate of Ungar*, 451 F.Supp.2d at 610.

In this case, however, the Court finds there are unusual circumstances and good cause to excuse All Star's delay. First, All Star's delay in filing its Motion is due in part to Defendant's delay in seeking to enforce the Subpoena. Even though All Star's owner told defense counsel by phone that All Star objected to producing additional documents, (Doc. 29 at 2), Defendant waited nearly seven months after All Star's partial production to file its Motion for Order to Show Cause and has utterly failed to explain why it did so. Moreover, Defendant filed that motion six days before discovery was then slated to close.[1] (Doc. 29 at 1; Doc. 23 at 1.) Although Rule 45 does not require a party to file a motion to compel the production of subpoenaed documents within a particular time, it "does not permit a litigant to sit on its hands indefinitely before filing" such a motion. *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361-62 (D. Nev. 2019). Rather, the motion

---

[1] When Defendant filed its Motion for Order to Show Cause, discovery was scheduled to close on August 17, 2020. (Doc. 23 at 1.) However, the Court has since extended the discovery deadline three times, most recently to December 30, 2020. (Docs. 31, 36, 49.)

"must be filed without undue delay." *Id.* at 363. Here, the Court finds that Defendant unduly delayed in seeking to enforce its Subpoena.

The Court further finds unusual circumstances and good cause to excuse All Star's delay in filing its Motion because All Star produced some documents in response to the Subpoena without Court intervention, and withheld the remaining documents based on its good-faith belief that the Subpoena is overly broad and unduly burdensome. (*See* Doc. 41 at 1-3; Doc. 42 at 1-2); *Am. Fed'n of Musicians of the United States & Canada*, 313 F.R.D. at 44 (noting that courts have found "unusual circumstances" warranting consideration of untimely objections "where (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery or (2) the subpoenaed witness is a non-party acting in good faith"). In short, having considered all the relevant circumstances, including Defendant's sizable delay in seeking to enforce its Subpoena, All Star's nonparty status, and the Subpoena's facial overbreadth as further discussed below, the Court finds good cause to excuse All Star's delay in filing its Motion and will not deny the Motion as a matter of law, as Defendant requests.

      ii.      *Whether Defendant's Subpoena is Unduly Burdensome and Overbroad*

Turning to the substance of All Star's Motion, All Star argues that the Court should quash Defendant's Subpoena because responding to it would impose an undue burden on All Star. (Doc. 41 at 1-3.) According to All Star, the Subpoena is overly broad and asks for documents that are not relevant or likely to lead to the discovery of admissible evidence, and production of these documents would annoy, embarrass, or harass All Star. (*Id.* at 2-3.) Defendant responds that the Subpoena is not overly broad and requests only five years' worth of records for hail, wind, and storm claims All Star handled.[2] (Doc. 45 at 3.) Defendant also contends All Star provided no

---

[2] Defendant somewhat understates the Subpoena's breadth in this regard, (Doc. 45 at 3), while All Star significantly overstates it by claiming that the Subpoena requests eight years' worth of records. (Doc. 41 at 2.) In fact, the Subpoena

7

support for its assertion that the Subpoena is overbroad, and the requested documents are relevant and likely to lead to admissible evidence because they will purportedly show bias by All Star in its evaluation of claims. (*Id.* at 3-4.)

The "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Pursuant to Rule 45, a court "*must* quash or modify a subpoena that…subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis added). "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Where a subpoenaed party asserts undue burden, that party "has the burden to support its objection, unless the request is overly broad on its face." *Stewart v. Mitchell Transp.*, Civ. No. 01-2546 JWL, 2002 WL 1558210, at *4 (D. Kan. July 11, 2002).

"A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." *Quarrie v. Wells*, Civ. No. 17-350 MV/GBW, 2020 WL 4934280, at *2 (D.N.M. Aug. 24, 2020) (quoting *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.), Inc.*, Civ. No. 11-01611 MSK/CBS, 2014 WL 1257762, at *21 (D. Colo. Mar. 27, 2014)). Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors that pertain to proportionality are

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

requests records "from 2014 to present," *i.e.*, November 11, 2019, (Doc. 29-1 at 1-2; Doc. 29-2 at 1), which is a period of approximately five years and ten months.

*Id.* "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

"While the court has considerable discretion with regard to regulating discovery which is exchanged in a lawsuit, discovery from third-parties in particular must, under most circumstances, be closely regulated." *Premier Election Sols., Inc. v. Systest Labs Inc.*, Civ. No. 09-01822 WDM/KMT, 2009 WL 3075597, at *3 (D. Colo. Sept. 22, 2009). "It is generally recognized that a non-party involuntarily embroiled in civil litigation should not be subjected to undue burden or significant expense merely by virtue of having received a subpoena." *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, Civ. No. 12-526 MV/GBW, 2015 WL 13650053, at *2 (D.N.M. June 3, 2015) (quoting *W. Convenience Stores*, 2014 WL 1257762, at *21).

In this case, the Subpoena's breadth in seeking all documents regarding all wind, hail, and storm claims All Star has worked on in any capacity over the course of nearly six years is facially excessive. *See, e.g., Exist, Inc. v. E.S.Y., Inc.*, Civ. No. 14-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) (finding subpoena to nonparty accountant for six years' worth of financial information was overbroad). In addition, the documents Defendant seeks concern claims wholly unrelated to Plaintiff's claims, which raises the specter of collateral mini-trials regarding the validity of these unrelated claims if they are to be used to show that All Star's evaluations are biased. *See Schneider v. City & Cty. of Denver*, 47 F. App'x 517, 529 (10th Cir. 2002) (Tenth Circuit "give[s] wide discretion to the avoidance of side issues and 'minitrials' by district courts"). The Court also recognizes that, as a nonparty, All Star "should not be subjected to undue burden or significant expense merely by virtue of having received a subpoena." *New Mexico Oncology & Hematology Consultants, Ltd.*, 2015 WL 13650053 at *2.

In these circumstances, the Court finds that the Subpoena's considerable overbreadth significantly outweighs the mere possibility that the requested records will show bias on All Star's part. In other words, the undue burden the Subpoena would impose on All Star outweighs the likely benefit of the production it demands. Fed. R. Civ. P. 26(b)(1). The Court will therefore grant All Star's Motion in part in that it will limit the Subpoena to documents in All Star's possession, custody, or control relating to Plaintiff's claims in this case and will quash the Subpoena in all other respects.

B.  *Whether All Star Should Be Held in Contempt*

As noted above, on September 9, 2020, the Court ordered All Star to show cause why it should not be held in contempt for failing to comply with or serve written objections to Defendant's Subpoena. (Doc. 33 at 3.) In its timely response to the Court's Order, All Star alleges the "staggering nature of Defendant's subpoena left [it] unclear on how it could or should proceed," and that, though it "began searching for legal counsel to assist it with issues related to Defendant's subpoena[,] . . . the process of retaining counsel proved lengthy." (Doc. 42 at 1.) "In the meantime, All Star did produce in good faith, records it believed were responsive" to the Subpoena. (*Id.* at 2.) All Star affirms that it intends to comply with the Subpoena after the Court has ruled on it. (*Id.*)

Defendant nevertheless asks the Court to hold All Star in contempt. (Doc. 44 at 3.) Defendant observes the Subpoena is not as broad as All Star claims, and also contends the January 2020 statements of All Star's owner to the effect that he did not think the requested documents were relevant showed "his decision to not comply with the subpoena." (*Id.* at 2-3.) Noting that All Star took eleven months to retain counsel and filed its Motion only after the Court's Order to Show Cause, Defendant asserts the Court should hold All Star in contempt because it "is flouting the rules of the federal courts." (*Id.*)

10

Federal Rule of Civil Procedure 45(g) provides that a court "*may* hold in contempt a person who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g) (emphasis added). However, the 2013 Advisory Committee Note for this subsection explains that,

> [i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena. Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt.

Fed. R. Civ. P. 45(g), Advisory Committee Note to 2013 Amendment; *see also* 9A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2465 (3d ed. 1999) (October 2020 update) ("The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance.") Thus, courts have abstained from holding a nonparty in contempt under Rule 45(g) in the absence of a court order to comply with a subpoena. *See, e.g., Duffy v. Lawrence Mem'l Hosp.*, Civ. No. 2:14- 2256 SAC/TJJ, 2017 WL 1806429, at *2 (D. Kan. May 5, 2017) (denying party's request for sanctions against nonparty witness who failed to comply with subpoena to appear for deposition); *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994) ("Before sanctions can be imposed under [Rule 45], there must be a court order compelling discovery. A subpoena, obtainable as of course from the Clerk of the Court or issued by an attorney without any court involvement, is not of the same order as one issued by a judicial officer in the resolution of a specific dispute.") (citation omitted).

This case does not present the "rare" set of circumstances that would lead the Court to impose contempt sanctions without first ordering compliance with the subpoena at issue. Fed. R. Civ. P. 45(g), Advisory Committee Note to 2013 Amendment. Here, All Star partially responded to the Subpoena in good faith without judicial intervention, and the Court has found that the

11

remainder of the Subpoena is overbroad and unduly burdensome. In addition, All Star responded to the Court's Order to Show Cause in a timely manner and affirmed its intent to comply with the Subpoena after the Court ruled on it. (Doc. 33 at 3; Doc. 42 at 2.) As such, the Court finds that All Star's actions to date are not contemptible under Rule 45(g).

**IT IS THEREFORE ORDERED** that All Star Public Adjusters, LLC's Motion to Quash Defendant State Farm Fire and Casualty Company['s] Subpoena Duces Tecum to Third-Party, All Star Public Adjusters, LLC (Doc. 41) is GRANTED IN PART and DENIED IN PART. All Star shall respond to Defendant's Subpoena Duces Tecum (Doc. 29-1) modified as follows. Within **14 days of entry of this Order, All Star shall serve on Defendant copies of all files in its possession, custody, or control relating to Plaintiff's claims in the instant case**, to the extent it has not already done so, and shall file a Certificate of Service documenting such service.[3] In all other respects the Subpoena is hereby QUASHED.

**IT IS FURTHER ORDERED** that Defendant's request for the Court to hold All Star in contempt (Doc. 44 at 3) is DENIED, and the Court's Order to Show Cause (Doc. 33) is QUASHED. However, All Star is cautioned that failure to timely comply with this Order may result in contempt sanctions pursuant to Federal Rule of Civil Procedure 45(g).

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[3] The production ordered does not extend to documents concerning the present dispute between Defendant and All Star regarding Defendant's Subpoena.